22-2547-cv
*Bost v. Nassau County Department of Social Services*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-three.

PRESENT:
>
> John M. Walker, Jr.,
> Denny Chin,
> Alison J. Nathan,
>> *Circuit Judges.*

———————————————————————

Simona Bost,

>> *Plaintiff-Appellant*,

> v.                                                                              22-2547

Nassau County Department of Social
Services, Nassau County Office of
Equal Employment Opportunity,
Nassau County,
>> *Defendants-Appellees*.

———————————————————————

FOR PLAINTIFF-APPELLANT:                    Simona Bost, pro se,
                                            Hempstead, NY.

FOR DEFENDANTS-APPELLEES:                   Robert F. Van der Waag,
                                            Ian Bergstrom, Deputy
                                            County Attorneys, *for*
                                            Thomas A. Adams,
                                            Nassau County
                                            Attorney, Mineola, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*; Arlene R. Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Simona Bost, proceeding pro se, sued the Nassau County Department of Social Services (DSS) and Equal Employment Office (EEO) for failing to provide reasonable accommodations for her diabetes-related fatigue under the Americans with Disabilities Act (ADA) and for retaliating against her for filing an EEO complaint and requesting an earlier accommodation.  She also brought a failure-to-accommodate claim under the New York State Human Rights Law (NYSHRL).  All of these claims were based on the alleged denial of Bost's

2

request to work weekend overtime hours.   Adopting a magistrate judge's report and recommendation, the district court granted summary judgment to the defendants, reasoning that Bost failed to make out a prima facie failure-to-accommodate claim because she did not show that she had a disability, that she was able to perform the essential functions of her job, or that DSS denied her a reasonable accommodation.   The court also reasoned that Bost failed to make a prima facie case for retaliation because she failed to show both that she was actually denied overtime and that there was a causal relationship between any such denial and her earlier complaint and request.   Bost timely appealed.   We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a grant of summary judgment de novo.   *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam).   Summary judgment is appropriate only if, after resolving all ambiguities and drawing all inferences against the moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *Id.* (quoting Fed. R. Civ. P. 56(a)).   "An issue of fact is genuine if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (internal quotation marks omitted). Because Bost proceeds pro se, we liberally construe her filings to raise the strongest arguments they suggest. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam).

As an initial matter, Bost does not address the NYSHRL claim in her brief. We therefore consider that claim to be abandoned. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). On the merits of the remaining federal claims, we agree with the district court that the defendants were entitled to summary judgment, although we reach only Bost's failure to show that DSS denied her overtime request.

Bost's failure-to-accommodate and retaliation claims under the ADA are evaluated under the familiar *McDonnell Douglas* burden-shifting framework. *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). To establish a prima facie failure-to-accommodate claim, a plaintiff must demonstrate the following:

> (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of h[er]

4

disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Id.* at 125–26 (citation omitted).

Here, even if we assume that Bost had a disability within the meaning of the ADA, and that she would have been able to perform the essential functions of her job with an accommodation, we agree with the district court that she failed to demonstrate that DSS denied her a reasonable accommodation. The ADA "envisions an interactive process by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." *Tafolla v. Heilig*, No. 21-2327, ___ F.4th ___, 2023 WL 5313520, at *7 (2d Cir. Aug. 18, 2023) (cleaned up). And "where a breakdown in interactive process was manifestly the employee's fault," a failure-to-accommodate claim fails. *Id.* (cleaned up).

Bost initiated the interactive process by requesting overtime and DSS responded by requesting a doctor's note stating that she could work early mornings on Saturdays despite receiving an earlier accommodation to begin work late during the week due to insomnia and fatigue. Bost submitted a doctor's note,

5

but it merely stated that she could work overtime. DSS requested further proof and gave Bost six weeks to respond, allowing Bost to work overtime on Saturday mornings in the meantime. Bost never responded. Sometime during these six weeks, she no longer wished to receive overtime, and requested to be transferred out of the Daycare unit to a less onerous position in February 2017. After transferring her to a different Daycare unit and offering to transfer her to the Telephone unit in late 2017, DSS eventually transferred her out of Daycare in January 2019.

By failing to respond after DSS requested additional medical documentation, Bost refused to participate in the process of determining the precise limitations resulting from her disability. It was she who caused the interactive process to stall and break down. We therefore conclude, on this record, that a reasonable jury could not find that Bost was denied a reasonable accommodation.

Bost's retaliation claim fails as well. To establish a prima facie case of retaliation under the ADA, a plaintiff must show "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a

6

causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999).   Bost argues that DSS denied her overtime request in retaliation for her EEO complaint and her earlier request for an altered work schedule during the week.   However, as explained above, she has not shown that DSS denied her overtime request.   Rather, Bost withdrew from the interactive process whereby DSS was evaluating and responding to the request.   Bost thus lacks the adverse employment action necessary for her retaliation claim.

We have considered Bost's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7